IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WILLIAM H. POWELL, JR.,** * | |
| Plaintiff, * | |
| v.  * | Civil Action No. 23-1534-PJM |
| **SELECTIVE WAY INSURANCE, COMPANY, et al.,** | |
| * | |
| Defendants. | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff William H. Powell, Jr. has filed a Motion to Remand this case to the Circuit Court for Prince George's County (ECF No. 8). Defendant Selective Way Insurance Company ("Selective Way") has filed a Consent to Remand and Opposition to Request for Fees (ECF No. 11). Defendants Justin Lee and Rosemary Galindo-Lobo have not filed any opposition to the Motion to Remand.

This personal-injury case stems from an alleged vehicular collision on July 27, 2021 in Annandale, Virginia, during which Powell alleges that his vehicle was struck from behind by Defendant Justin Lee, or alternatively, by Defendant Rosemary Galindo-Lobo (ECF No. 4 ¶¶ 5-8). Powell is suing Selective Way based on the company's alleged failure to honor the uninsured/underinsured policy that Powell alleges he held at the time of the collision (*id.* ¶ 9).

On June 6, 2023, Selective Way filed a Notice of Removal to this Court (ECF No. 1). The removal predicates the Court's jurisdiction on diversity of citizenship. In his Motion, Powell argues that removal was improper because Galindo-Lobo is a citizen of Maryland (ECF No. 8-1 at 2-4). He also argues that he is entitled an award of attorney's fees and costs associated with seeking remand under 28 U.S.C. § 1447(c) because Selective Way's removal was facially improper, given Galindo-Lobo's citizenship (*id.* at 4).

1

Selective Way acknowledges that Galindo-Lobo's Maryland citizenship defeats the only asserted basis for jurisdiction of the Court—diversity of citizenship (ECF No. 11 at 2). It therefore consents to removal (*id.*). But Selective Way opposes an award of attorney's fees to Powell on the ground that the company was not made aware that Galindo-Lobo had been properly served prior to removal (*id.* at 3-5). Selective Way avers that it received notice of this fact from Powell's counsel a week before filing its response to Powell's Motion (*id.* at 2).

For the reasons stated below, the Court grants in part and denies in part Powell's Motion. The Motion is granted as to removal because the parties consent to or otherwise do not oppose removal, and the Court lacks diversity jurisdiction to proceed with this matter. *See* 28 U.S.C. § 1441(b)(2). The Motion is denied as to attorney's fees because it is not clear that Selective Way "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The propriety of removal prior to service of an in-state defendant remains an unsettled question in the Fourth Circuit. *See Kirst v. Erck*, 616 F. Supp. 3d 471, 476-77 (D. Md. 2022). Further, although Powell attaches an affidavit (ECF No. 8-2) attesting to the proper service of Galindo-Lobo on March 5, 2023 (months prior to Selective Way's removal), the affidavit is silent as to the date of attestation and provides no indication as to whether Selective Way was made aware of the fact of service, and if so, when. Given both the uncertainty of the law, and the uncertainty of the facts bearing on when Selective Way learned of Powell's service on Galindo-Lobo, the Court cannot say that it was objectively unreasonable for Selective Way to seek removal.

Accordingly, Plaintiff's Motion to Remand (ECF No. 8) will be **GRANTED** in that the case is remanded to the Circuit Court for Prince George's County and will be **DENIED** as to Plaintiff's request for attorney's fees.

A separate Order **WILL** issue.

August 17, 2023

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE